IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,** * | |
| Plaintiff, * | |
| v.  * | Case No.: GJH-21-1558 |
| **JOHN DOE,** * | |
| Defendant. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Strike 3 Holdings, LLC, initiated this action for copyright infringement against Defendant John Doe. ECF No. 1. Presently pending before the Court is Defendant Doe's Motion to Quash a Subpoena. ECF No. 7. A hearing is unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, the Motion to Quash will be denied.[1]

**I.   BACKGROUND**[2]

Plaintiff Strike 3 Holdings, a Delaware limited liability company, is the owner of adult motion pictures. ECF No. 1 ¶¶ 2, 11.[3] Plaintiff's movies can be accessed on subscription-based websites. *Id.* ¶ 13. Plaintiff also sometimes licenses its movies to broadcasters. *Id.* Plaintiff alleges that a single John Doe utilized the BitTorrent system to illegally download and distribute

---

[1] Defendant refers to the Motion as a "Motion to Quash or Vacate" but then later refers to the Motion as a "Motion to Quash," with no reference to vacatur. ECF No. 7. Defendant also makes no arguments as to vacatur. The Court thus construes the Motion as a Motion to Quash.

[2] Unless stated otherwise, the facts relied on herein are taken from the Complaint, ECF No. 1, and presumed true.

[3] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

28 of Plaintiff's copyrighted motion pictures. *Id.* ¶¶ 28, 37. Plaintiff used a system called VXN Scan, an infringement detection system developed by Plaintiff, to identify the works that Defendant infringed. *Id.* ¶¶ 27, 29. In support of the allegations, Plaintiff attached an exhibit showing the date of publication, the date of registration, and the copyright registration number of the 28 works Plaintiff claims Defendant Doe infringed. *Id.* ¶¶ 41, 42; Exhibit A. Plaintiff also included an explanation of the VXN Scan system and how it captured this information. *Id.* ¶¶ 28–35. Because BitTorrent allows users to upload and download content anonymously, Plaintiff could only identify Defendant Doe by his or her Internet Protocol address ("IP address") but could also identify Defendant Doe's Internet Service Provider ("ISP"). *Id.* ¶¶ 1, 5; Exhibit A.[4]

Plaintiff filed the Complaint on June 23, 2021. ECF No. 1. Plaintiff brought claims of copyright infringement in violation of 17 U.S.C. §§ 106 and 501. *Id.* ¶ 51. Plaintiff requested that this Court permanently enjoin Defendant from continuing to infringe the works and order Defendant to permanently delete the works from computers in Defendant's control. *Id.* Plaintiff also requested statutory damages, pursuant to 17 U.S.C. §§ 504(a) and (c), and reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505. *Id.*

On July 2, 2021, Plaintiff filed a Motion for Leave to Serve a Third-Party subpoena on Comcast Cable, the ISP associated with the identified IP address, so that Plaintiff could learn the identity of the subscriber and thus Defendant. ECF No. 5. This Court granted the Motion. ECF No. 6. The Order also functions as a protective order and imposes several requirements on the ISP and Plaintiff. It directs that the ISP must delay producing the subpoenaed information until after it has provided Doe with notice of the suit, a copy of the subpoena, and notice that it will comply unless Doe files a motion to quash. *Id.* at 3. The Order authorizes the subscriber to file

---

[4] Plaintiff then used geolocation technology by Maxmind Inc. to determine that Defendant's IP address can be traced to a physical address in this district. ECF No. 1 ¶ 9.

such a motion anonymously after providing his or her name and current address to the Clerk of the Court on a confidential ex parte basis so that the Court can provide notice of filings to the subscriber. *Id.* The Order also directs that Plaintiff may only use the information provided from the ISP to determine whether, pursuant to Federal Rule of Civil Procedure 11(b), Plaintiff has sufficient information to amend the Complaint and name Doe as the subscriber. *Id.* at 4. The Court also directs Plaintiff to mark the subscriber information as "Highly Confidential." *Id.* The Court also prohibits Plaintiff and its agents, representatives, and attorneys from disclosing the information received to anyone besides the attorneys representing Plaintiff in this action, all of whom must sign an agreement to be bound by the Order before accessing the information. *Id.* The Court also prohibits Plaintiff from initiating any settlement communications with Defendant without Court approval. *Id.*

On August 13, 2021, Defendant, identified by the name John Doe and the IP address that Plaintiff cited in the Complaint, filed a pro se motion to quash the subpoena. ECF No. 7. On August 27, 2021, Plaintiff filed a response in opposition. ECF No. 9. On September 21, 2021, Plaintiff file a Motion for Extension of Time to effect service on Doe, which this Court granted. ECF Nos. 10, 11.

## II.   DISCUSSION

"Under Federal Rule of Civil Procedure 45, a subpoena may be quashed if it (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond certain geographical limits, (3) requires disclosure of privileged or other protected matter, or (4) subjects a person to undue burden." *Malibu Media, LLC v. Doe*, No. 15-cv-1042-TDC, 2016 WL 593502, at *1 (D. Md. Feb. 12, 2016) (citing Fed. R. Civ. P. 45(d)(3)); *see also Strike 3 Holdings, LLC v. Doe*, No. 19-cv-396-GJH, 2020 WL 917090, at *3 (D. Md. Feb. 25, 2020).

Defendant's argument to quash the subpoena only comprises two sentences. ECF No. 7 at 1. Defendant argues that Defendant is unable to undertake his or her own investigation into the allegations because the Complaint fails to provide copyright registration documentation or identify the copyrighted works in question. *Id.* At base, Defendant's argument does not fall under any of Federal Rule of Civil Procedure 45(d)(3)'s grounds for quashing a subpoena. Instead, Defendant essentially argues that the Complaint is insufficient and does not allow Defendant to respond to the allegations.

First, "[t]hese arguments are essentially denials of liability. Such arguments 'fall outside the scope of a Motion to Quash and are therefore unpersuasive.'" *Strike 3 Holdings, LLC*, 2020 WL 917090, at *3. As this Court has explained in two other similar cases:

> It is well established "that such general denials of liability cannot serve as a basis for quashing a subpoena." *Third Degree Films, Inc. v. Does 1–108*, No. 11-cv-3007-DKC, 2012 WL 669055, at *3 (D. Md. Feb. 28, 2012) (quoting *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011)). If the Court were to quash the subpoena on this basis, it would "allow a subscriber to prevent [a plaintiff] from pursuing a potentially valid claim simply by denying liability." *Malibu Media, LLC v. Doe*, No. 14-cv-0747-MJG, 2014 WL 7190812, at *2 (D. Md. Dec. 16, 2014).

*Malibu Media, LLC v. Doe*, No. 16-cv-655-GJH, 2016 WL 7235662, at *2 (D. Md. Dec. 13, 2016); *Strike 3 Holdings, LLC*, 2020 WL 917090, at *3. Thus, courts have declined to quash subpoenas for arguments like the one Defendant makes here. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 15-cv-1710-DKC, 2016 WL 54801, at *1 (D. Md. Jan. 5, 2016) (denying a motion to quash when a defendant argued that "[t]he likelihood that an individual, other than Doe, infringed [on] Plaintiff's copyrights is too great to support any correlation between Doe and the alleged violation that Plaintiff seeks to prove[]" because a defendant, inter alia, "cannot move successfully to quash the subpoena by denying liability.") (internal quotation marks removed).

4

Second, "even if arguments about the sufficiency of Plaintiff's allegations were properly to raise at this stage, 'it takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a plausible claim that the file was downloaded by the subscriber at that IP address.'" *Strike 3 Holdings, LLC*, 2020 WL 917090, at *3 (quoting *Patrick Collins, Inc. v. Osburn*, No. 12-cv-1294-PWG, 2014 WL 1682010, at *4 (D. Md. Apr. 28, 2014), *aff'd*, 595 F. App'x 243 (4th Cir. 2015)). Plaintiff here provided an exhibit containing copyright registration numbers, the date of publication, and the date of registration. ECF No. 1, Exhibit A. Plaintiff's Complaint also contained a detailed explanation of how its copyright infringement software identified the IP address. *Id.* ¶¶ 28–35. In addition, the Court's Order "functions as a protective order" and has many safeguards in place. *See, e.g.*, *Strike 3 Holdings, LLC*, 2020 WL 917090, at *2. As in other similar cases, this Court placed "several restrictions on Plaintiff's use of the subscriber's information if and when it is received." *Id.*

Finally, even construing Defendant's assertion that he or she is not able to undertake an investigation into the allegations as an argument that the subpoena is an undue burden is unpersuasive. The subpoena is not directed at Defendant. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 15-cv-2918-GJH, 2016 WL 1562903, at *2 (D. Md. Apr. 18, 2016) ("Next Doe argues that, unless the subpoena is quashed, he will be subjected to an 'undue burden.' This argument is unavailing because the subpoena is directed toward the ISP, and not to Doe, and does not require that Doe produce any information or otherwise respond."); *Third Degree Films, Inc. v. Does 1-118,* No. 11-cv-03006-AW, 2011 WL 6837774, at *3 (D. Md. Dec. 28, 2011) ("Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require them to produce any information or otherwise respond. Accordingly, the Court denies Defendants'

motions to quash the subpoena on this ground."). If the litigation continues, Defendant will have time to respond to the Complaint and make arguments as to its sufficiency and to the truth of the allegations. Because Defendant has raised no persuasive grounds under Rule 45 to quash the subpoena, the Motion to Quash will be denied.

### III.   CONCLUSION

For the reasons discussed, the Motion to Quash is denied. A separate Order follows.


Dated:  January   19, 2022                          /s/_____
                                                    GEORGE J. HAZEL
                                                    United States District Judge